UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    <u>For Online Publication Only</u>
-------------------------------------------------------------X
HICA EDUCATION LOAN CORPORATION,

        Plaintiff,

    -against-                                      **<u>MEMORANDUM & ORDER</u>**
                               14–CV–2816 (JMA)    **FILED**
                                                 **CLERK**
ATHANASIOS ANTONIADIS,                          3/17/2016 3:40 pm

        Defendant.                          **U.S. DISTRICT COURT**
-------------------------------------------------------------X    **EASTERN DISTRICT OF NEW YORK**
                                                 **LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

        On May 5, 2014, plaintiff HICA Educational Loan Corp. ("HICA") filed this action against

defendant Anthanasios Antoniadis alleging default of payment on a promissory note.  On August

12, 2015, plaintiff moved for default judgment pursuant to Federal Rule of Civil Procedure 55(b).

For the reasons stated below, plaintiff's motion for default judgment is denied and the complaint

is <u>sua sponte</u> dismissed for lack of subject matter jurisdiction.

## I.       BACKGROUND

        The following facts are taken from plaintiff's complaint and assumed to be true for the

purposes of this motion.

        Plaintiff is a corporation organized, chartered, and existing under the laws of South Dakota.

(Compl. ¶ 1, ECF No. 1.)  The Defendant is a citizen of the State of New York and maintains a

residence at 52 South Saxon Avenue, Bay Shore, New York.  (<u>Id.</u> ¶ 2.)  Plaintiff seeks enforcement

of debt arising under the United States Health Education Assistance Loan ("HEAL") Program, 42

U.S.C. §§ 292, 294 <u>et seq.</u> and the Federal Regulations set forth in 42 C.F.R. Part 60 (the "HEAL

Statutes and Regulations").  (<u>Id.</u> ¶ 3.)

Defendant signed a promissory note pursuant to the provisions of the HEAL Statutes and Regulations (the "Note").  The Note was issued on June 8, 1995 in the amount of $89,714.31.  (Id. ¶ 5.)   The Note was subsequently sold, transferred, and assigned to HICA by the Student Loan Marketing Association, and HICA is the current holder and owner of the Note.  (Id.  ¶ 7.) Defendant has failed to make payments that are due on the Note and has failed to repay the sum due, despite demand for payment by HICA.  (Id.  ¶ 8.)   In total, plaintiff owes $38,381.95 in unpaid principal, accrued, unpaid interest, and unpaid late charges on the Note as of January 8, 2014.  (Id. ¶ 11.)

## II.    DISCUSSION

Federal courts have "an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party."  HICA Educ. Loan Corp. v. Danziger, 900 F. Supp. 2d 341, 342 (S.D.N.Y. 2012) (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006)). Because subject matter jurisdiction "involves the court's power to hear a case, [it] can never be forfeited or waived." Arbaugh, 546 U.S. at 514.  The plaintiff "has the burden to prove subject matter jurisdiction by a preponderance of the evidence." Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005).  If the plaintiff fails to prove subject matter jurisdiction, the court must sua sponte dismiss the action.  Fed. R. Civ. P. 12(h)(3).

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."  Gunn v. Minton, 133 S. Ct. 1059, 1064 (2013) (citation omitted). Federal courts exercise jurisdiction over two types of cases: (1) cases involving a "federal question" in which the claim "aris[es] under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331; and (2) cases between "citizens of different states" in which the amount in controversy exceeds $75,000,  28 U.S.C. § 1332.

2

The Court does not have federal question jurisdiction in this case because the claim does not arise under federal law. A case can arise under federal law in two ways. First, under the creation test, "a case arises under federal law when federal law creates the cause of action asserted." Gunn, 133 S. Ct. at 1064. Second, under the Grable test, a claim rooted in state rather than federal law may still arise under federal law in special and rare circumstances. Id. (quoting Grable & Sons Metal Prods., Inc. v. Darue Engineering & Mfg., 545 U.S. 308, 314 (2005)). The Grable test centers on whether the state-law claim raises a federal issue that is: (1) necessarily raised; (2) actually disputed; (3) substantial; and (4) capable of resolution in federal court with disrupting the appropriate federal-state balance. Id. "Where all four of these requirements are met, jurisdiction is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." Id.

Applying these standards, the Court lacks subject matter jurisdiction over this case and the Court must sua sponte dismiss the action. HICA invokes 28 U.S.C. § 1331, federal question jurisdiction, as the basis for subject matter jurisdiction. HICA contends that its claims "arise under the Constitution, laws, or treaties of the United States" because it "seeks enforcement of an indebtedness arising under" the HEAL Program and the HEAL Statutes and Regulations. (Compl. ¶ 3.) However, federal question jurisdiction is unavailable because this dispute does not "arise under" federal law.

"[V]irtually all district courts that have considered the question of whether a collection action for nonpayment of a HEAL loan arises under federal law have concluded that federal question jurisdiction is lacking." Meyer, 2014 WL 1694928 at *2 (citing HICA Educ. Loan Corp. v. Kotlyarov, 11 Civ. 1050, 2013 WL 4007582, at *3 (S.D.N.Y. Aug. 6, 2013) (Report and

Recommendation) (collecting cases)).

Under the creation test, the HEAL Statutes and Regulations do not provide an express federal cause of action allowing a plaintiff to sue an individual for violation of its statutory or regulatory requirements. See HICA Educ. Loan Corp. v. Meyer, No. 12 Civ. 4248, 2014 WL 1694928, at *2 (S.D.N.Y. Apr. 23, 2014); cf. 42 U.S.C. § 292 et seq.; 42 C.F.R. Part 60. Further, the "text and structure" of the HEAL Statutes and Regulations do not provide "evidence of Congress's implied intent to create a private right of action." M.F. v. State of New York Exec. Dep't. Div. of Parole, 640 F.3d 491, 495 (2d Cir. 2011). Therefore, plaintiff's cause of action arises out of state law and does not satisfy the creation test. See Meyer, 2014 WL 1694928 at *2 (finding that "it is state law that provides the cause of action" in suit by HICA to enforce payment obligations on promissory notes arising under the HEAL Program).

Under the Grable test, there is no "serious federal interest in claiming the advantages thought to be inherent in a federal forum." 545 U.S. at 313. This case is a contractual dispute that does not involve any issues requiring interpretation of federal law, let alone "a contested and substantial federal question." Id.

The Court does not have diversity jurisdiction in this case because although there is complete diversity between the parties, the amount in controversy falls short of the $75,000 threshold. See Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chi., 93 F.3d 1064, 1070 (2d Cir.1996) ("The amount in controversy is determined at the time the action is commenced." (citation omitted)). Here, the amount in controversy, the total of $38,381.95 outstanding on the notes, falls short of the $75,000 threshold.

### III.    CONCLUSION

For the reasons set forth above, plaintiff's motion for default judgment is denied and the case is <u>sua sponte</u> dismissed in its entirety for lack of subject jurisdiction.  The Clerk of the Court is directed to close the case.


**SO ORDERED.**

Date: March 17, 2015
Central Islip, New York

_____/s/ (JMA)_____
Joan M. Azrack
United States District Judge